**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MIRIAN ZULEMA MARTINEZ-
RAMIREZ,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 22-1174

Agency No.
A208-892-300

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024[**]
Pasadena, California

Before: PARKER, HURWITZ, and DESAI, Circuit Judges.[***]

Mirian Zulema Martinez-Ramirez, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021). We deny Martinez-Ramirez's petition.

1.     Martinez-Ramirez asserts past persecution and fear of future persecution based on her membership in two proposed particular social groups ("PSGs"): (1) "Salvadoran women who have a familial relationship with men who believe that women are to live under male domination" and (2) "women who were in intimate relationships with male police officers in El Salvador [who] believe women to be property."

We conclude that substantial evidence supports the agency's conclusion that Martinez-Ramirez did not show that her membership in either group was a reason for any past harm or would be a reason for any future harm, even if those groups were cognizable. Martinez-Ramirez's claims are based on domestic violence committed by her daughter's father, a police officer. Martinez-Ramirez testified to several instances of violence she suffered in 2012 while pregnant with their unborn daughter. After her ex-partner learned of the pregnancy, he "pulled out his weapon"

and threatened to kill her if she refused to have an abortion. Soon after, he beat her because she had not complied with his demand to get an abortion. About three months later, he came to her home and again threatened to kill her after she told him she intended to have the baby but left when her children returned from school. She obtained a child support order after her daughter was born and has not had any contact with her daughter's father since that time. After she fled El Salvador, he called her mother to find out her whereabouts. Her mother said she no longer lived there, and he told her "That's fine, ma'am. Take care of yourself."

The IJ found that her ex-partner harmed Martinez-Ramirez because of her refusal to do what he wanted, that is, get an abortion. Martinez-Ramirez stated in her declaration that "[the officer] told me that if his woman came to realize about my existence and my baby he would kill me." Martinez-Ramirez also testified that her ex-partner did not want their child to be born because "he had his home with his other children already." The record does not compel the conclusion that her ex-partner's aggression towards her was motivated by anything other than their "pre-existing personal relationship." The BIA's determination that Martinez-Ramirez had not established that her membership in her proposed PSGs was not "a reason" for any past or feared future persecution was supported by substantial evidence.[1]

---

[1]    Because this no-nexus finding is dispositive of Martinez-Ramirez's asylum and withholding claims, we need not consider her other arguments regarding asylum

2.	We also hold that substantial evidence supports the agency's denial of CAT relief.  The IJ determined that, even considering the human rights violations documented in country conditions reports, Martinez-Ramirez had not established that she would more likely than not be tortured with the acquiescence or willful blindness of a government official if removed.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).  The record does not compel a contrary conclusion.

**PETITION FOR REVIEW DENIED.**

---

and withholding.  *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).